Dear Ms. Clark:
We are in receipt of your request for an Attorney General's opinion on behalf of Northwestern State University, regarding a dual officeholding question. Your letter states that the University is considering employing an elected City Councilman for the City of Natchitoches, Mr. Billy Ray Evans, in the position of Verification Counselor in the Office of Student Financial Aid.
LSA-R.S. 42:63(D) prohibits the holding of local elective office [position of City Councilman] and employment in the government of the state [employment with the University]. However, the law provides for an exemption. LSA-R.S. 42:66(B) states:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
In interpreting this statute over the years, our office has had to resort to an interpretation which would seem to accomplish the purpose of the dual officeholding laws, as professionaleducational capacity is not defined by the law. It has been and remains our opinion that this exemption for school teachers and those employed in a professional educational capacity is intended to exempt that class of employees whose employment is concerned with the educational process of the students in general. More specifically, we expanded on this intention, by further stating over the years that certain duties affecting the curriculum, participation in the educational programs, and/or planning of educational goals for the students was sufficient to fall within the exception of R.S. 42:66(B).
You have provided a job description of Verification Counselor, Office of Student Financial Aid, which includes responsibility for counseling financial aid students in all Federal Student Financial Aid Programs offered by the U.S. Department of Education through Northwestern; responsibility for verification of students federal application for student aid; and responsibility for completing other projects as assigned by supervisor. We have also been told that this position may require the teaching of an orientation class at the University, presumably on the matter of student financial aid.
In Attorney General Opinion No. 94-278, we concluded that the position of Director of Business Services at the University of Southwestern Louisiana did not fit within the exemption of R.S.42:66(B), as the primary duties of the job related to the University's finances. In Attorney General Opinion No. 87-545, we concluded that the position of Drug Free School and Communities Act Project Coordinator fit within the exemption of the law, as the duties of the employee required interaction with the students, and required instructional and counseling services.
We mention these two opinions because they are relevant to our analysis herein. First, the matter at hand differs from Opinion No. 94-278 in that the position of Verification Counselor, Office of Student Financial Aid is a position which has direct contact with the students of the University and not merely an administrative financial position, like the one in Opinion No. 94-278. Additionally, we are of the opinion that the position of Verification Counselor, Office of Student Financial Aid also includes or has the possibility of including instructional and counseling services to the students, either one on one or in a group instructional setting, like the position in Opinion No. 87-545.
For all of these reasons, we are of the opinion that the position of Verification Counselor, Office of Student Financial Aid at Northwestern State University and the elected office of City Councilman for the City of Natchitoches would not be a violation of the dual officeholding laws, as per the exemption of R.S.42:66(B). We hope this opinion sufficiently addresses all of your questions, and if we can be of further assistance, please advise.
Yours very truly,
 RICHARD IEYOUB ATTORNEY GENERAL
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Cc: Mr. Billy Ray Evans